UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ORESTES FERNANDEZ and            )
all others situated under 29 USC 216(B),  )
                                 )
    Plaintiff(s),            )
                                 )
vs.                              )
                                 )
ISIDORO ZARCO, M.D., P.A. and    )
ISIDORO ZARCO, M.D.,             )
                                 )
    Defendants.              )
_____  )

## COMPLAINT UNDER 29 U.S.C. 201-206 OVERTIME WAGE VIOLATIONS

Plaintiff, Orestes Fernandez (hereinafter "Fernandez"), on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants, Isidoro Zarco, M.D., P.A., a Florida corporation and Isidoro Zarco, M.D., individually.

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. Plaintiff, Orestes Fernandez, was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. Defendant, Isidoro Zarco, M.D., P.A. is a Florida corporation that

1

regularly transacts business within Miami-Dade County, Florida. Upon information and belief, the Defendant corporation was the FLSA employer for Plaintiff's respective period of employment (hereinafter "the relevant time period").

4. The individual Defendant, Isidoro Zarco, M.D., is a the sole owner and/or president of the Defendant corporation who ran the daily operations of the corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203(d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime wages for worked performed in excess of 40 hours weekly from the filing of this Complaint back three years.

7. This Court has jurisdiction pursuant to 28 USC § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 USC §§ 201-219 (§216 for

jurisdictional placement).

8.  29 USC § 207(a)(1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate . . . ."

9.  Plaintiff, Fernandez worked for Defendants providing services as a driver.  Plaintiff worked for the Defendants for approximately 21 years, being fired on or about March, 2015.  The Plaintiff seeks his wages for only the past three years (hereinafter "the entire employment period").

10.  Defendants' business activities involve those to which the Fair Labor Standards act applies.  Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs handled and/or used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same.  Plaintiff's work for Defendants was actually in and/or so closely related to the movement of commerce while they worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant corporation has gross sales or business done in excess of $500,000 annually for the relevant time period.

12. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. During the entire employment time period, Plaintiff, Fernandez worked an average of 52 hours per week, however was not paid overtime hours worked above 40 hours in a week, as required by the Fair Labor Standards Act. Plaintiff, Fernandez, therefore claims the overtime wages and time and a half overtime rate for each overtime hour worked during the entire employment period, or as much as allowed by the Fair Labor Standards Act

14. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standard Act.  Defendants remain owing Plaintiffs these wages from the entire employment period, or as much as allowed by the Fair Labor Standards Act.

15. Plaintiff, Fernandez has engaged the services of undersigned counsel and is entitled to recover reasonable attorney fees pursuant to the Fair Labor

Standards Act.

WHEREFORE, Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.  *The Plaintiff requests a trial by jury.*

## COUNT II
## CLAIM FOR UNPAID WAGES UNDER FLORIDA CHAPTER 448

16.  Plaintiff realleges and incorporates herein the allegations of Paragraphs 1 through 5, as if more fully set forth herein.

17.  This Court has jurisdiction for Plaintiff's unpaid wage claim under the Court's Supplemental Jurisdiction, 28 USC 1367.

18.  Plaintiff, Fernandez worked for Defendants providing services as a driver.  Plaintiff worked for the Defendants for 21 years and was fired in March, 2015.  The Plaintiff seeks his wages for only the past three years (hereinafter "the entire employment period").

19.  At the time that Plaintiff's employment with Defendant ceased, Plaintiff was owed unpaid wages for overtime hours for the entire employment

period, or as much as allowed by Florida Chapter 448.

20. Plaintiff, Fernandez was not paid the statutorily for overtime work nor the required minimum overtime rate during the entire employment period.

21. Plaintiff, Fernandez, therefore brings a claim pursuant to Florida Chapter 448 for unpaid wages for Defendants failure to pay Plaintiff the statutorily required minimum overtime wage and overtime rate for overtime hours worked during the entire employment period, or as much as allowed by Florida Chapter 448.

22. Plaintiff, Fernandez has engaged the services of undersigned counsel and is entitled to recover reasonable attorney fees pursuant to Florida Statute § 448.08.

WHEREFORE, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute § 448.08 as cited above, to be proven at the time of trial for all wages still owing to the Plaintiff during the entire employment period, or as much as allowed by Florida Chapter 448, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury*.

Dated this 1st day of October, 2015.

Respectfully submitted,

**LAW OFFICE OF RICK YABOR, P.A.**
Brickell Bay Club
2333 Brickell Avenue
Suite A-1
Miami, FL 33129
Telephone:   (305) 372-1203
Email:   rick.yabor@yaborlaw.com


BY:     /s/ Rick Yabor
           **RICK L. YABOR**.
           Florida Bar No: 191019

\