**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 15-23653-Civ-COOKE/TORRES

| | |
|---|---|
| ORESTES FERNANDEZ | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ISIDORO ZARCO, M.D., P.A. and | ) |
| ISIDORO ZARCO, M.D. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT**
**AND DISMISSAL OF CASE WITH PREJUDICE**

The Parties, by and through undersigned counsel, respectfully move this Court for Approval of the Settlement Agreement and Dismissal of Case with Prejudice, resolving the matter before the Court.

1. Plaintiff, Orestes Fernandez, filed claims under case number 15-23653-Civ-Cooke/Torres under the Fair Labor Standards act (FLSA) and Florida Statutes for overtime wages, whereby the Plaintiff alleged that he was not paid the appropriate overtime wage for the work he performed for the Defendants.

2. Defendants deny Plaintiff's allegations in their entirety and assert affirmative defenses. Defendants state that the Plaintiff was properly compensated for all hours worked during his employment and that no overtime wages are due and owing. However, Defendants have agreed to enter into a Settlement Agreement with the Plaintiff for the sole purpose of avoiding the costs and uncertainty of litigation.

3. As a result of discussions between the Parties concerning the merits of the

respective claims and defenses, the Parties reached a mutually agreeable and amicable resolution on June 2, 2016 as reflected in the Parties' Mediation Settlement Agreement ("MSA"), attached hereto as Exhibit A.

4. Pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216 (b), the Parties' Settlement Agreement is subject to this Court's scrutiny for fairness. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). Accordingly, the Parties are submitting Exhibit A for the court's approval.

5. The Parties agree that the settlement terms reached represent a fair and equitable resolution to this matter. Additionally, the Parties have been adequately represented by experienced counsel.

WHEREFORE, the Parties respectfully request that this honorable Court approve the Settlement Agreement entered into by the Parties and dismiss the instant action with prejudice.

## MEMORANDUM IN SUPPORT

Plaintiff initiated the instant action on October 1, 2015 claiming unpaid wages and unpaid overtime compensation. Defendants at all times denied Plaintiff's allegations and as such, bona fide disputes as to Plaintiff's claims exist/existed. During the course of discussions between the Parties concerning the merits of Plaintiff's claims and Defendants' defenses, it was determined a) that while Plaintiff continued to believe he had a claim against Defendants, Plaintiff's damages may have been more limited than originally anticipated even should he prevail, b) that the Parties were prepared to move forward with respective claims and defenses, c) that the Parties would incur significant fees and costs in doing so, and d) that there was significant uncertainty on both sides regarding the ultimate outcome of the case. It was also considered that any liability may have occurred despite good faith intentions to comply with the FLSA, thereby potentially minimizing

or eliminating liquidated damages. As a result of the foregoing and recognizing the cost of protracted litigation, the Parties reached an agreement that they considered to be fair and equitable, while at the same time limiting imposition on the court's limited judicial resources. The Parties thereafter entered into the MSA.

The Parties represent that there has been no collusion behind the settlement. A bona fide dispute exists/existed between and among the Parties. The Parties are/were represented by experienced counsel in pursuing this dispute. While the complexity of overtime and retaliation cases is not significant from a substantive standpoint, the amount of minimum wages/overtime compensation owed would require substantial discovery, as Defendants denied owing Plaintiff anything. The Parties were able to civilly and cooperatively discuss the matter and come to agreement early on in the process and without the need for protracted discovery and litigation, thereby preserving the resources of all involved, including, but not limited to, this honorable Court. Defendants, moreover, were able to return their focus to the operation of their business. The probability of Plaintiff's success on the merits and the range of possible recovery are uncertain. Both Parties are/were firm in their positions. Indeed, it is/was the fact of bona fide disputes and the uncertainty of success for either party that led to settlement discussions. Counsel for both Parties are of the opinion that the settlement achieved is fair and equitable. More importantly, however, the Parties believe the settlement achieved is fair and equitable.

The Parties therefore respectfully request that this honorable Court approve the Parties' settlement agreement and dismiss the instant matter with prejudice.

Aside from the Plaintiff and Defendants, there are no other parties to this action.

WHEREFORE, the Parties respectfully request that this Court: (1) approve the Parties Settlement Agreement, resolving the matter on the terms set forth herein; and (2) dismiss this case

with prejudice against the Defendants; (3) retain jurisdiction for the limited purpose of enforcing the Parties Settlement Agreement.

Respectfully submitted,

| /s/ Rick Yabor | /s/ Robert Zarco |
|---|---|
| **RICK YABOR** | **ROBERT ZARCO** |
| Florida Bar No. 191019 | Florida Bar No. 502138 |
| Rick.yabor@yaborlaw.com | rzarco@zarcolaw.com |
| 10689 North Kendall Drive | Miami Tower |
| Suite 321 | 100 S.E. 2nd Street |
| Miami, FL 33176 | Suite 2700 |
| T: (786) 773-3105 | Miami, FL 33131 |
| ATTORNEY FOR PLAINTIFF | T: (305) 374-5418 |
| | F: (305) 374-5428 |
| | ATTORNEY FOR DEFENDANTS |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Robert Zarco
 **ROBERT ZARCO**