## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into by and between Orestes Fernandez (the "Plaintiff"), on the one hand, and Defendants Isidoro Zarco, M.D., P.A. and Isidoro Zarco (collectively, the "Defendants") on the other hand, and is effective as of the 2nd day of June, 2016. The Plaintiff and the Defendants are sometimes referred to herein individually as "Party" or collectively as the "Parties."

On or about October 1, 2015, the Plaintiff initiated a civil action against the Defendants by filing a Complaint for relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq.*, and Chapter 448 of the Florida Statutes, in the Southern District of Florida, Case No.: 15-CV-23653 (the "Lawsuit").

On or about June 2, 2016, the Parties engaged in mediation. During the mediation, the Parties agreed to enter into and execute this Settlement Agreement.

The Parties decision to settle this matter is not an admission of liability, but is based upon extensive analysis of the facts and law applicable to the Parties' claims and defenses, and taking into account the burdens and expense of commencing and maintaining litigation, including the risks and uncertainties associated therewith. As a result, the Parties have each concluded that this Settlement Agreement provides substantial benefits to, and is fair, reasonable, adequate, and in the best interests of, the respective parties.

The Parties now agree, for good and valuable consideration, as follows:

1. <u>Settlement Payment</u>. *to be paid by Friday June 10, 2016* [JZ. OF]

The Parties agree to resolve this matter for a total of Five Thousand Dollars ($5,000.00) (the "Settlement Sum"). In addition, Defendants agree to bear the mediation fee of $2,000, which amount shall be paid directly to the mediator. *Check shall be made payable to Law office of Rick Yabor Trust Account and delivered to 10659 North Kendall Drive, Suite 321, Miami FL, 33176.* OF JZ.

2. <u>Dismissal</u>.

Payment of the Settlement Sum is in full settlement and compromise of this Lawsuit. Accordingly, the Parties will cooperate to dismiss the Lawsuit with prejudice. Each Party shall bear its own attorneys' fees and costs except as stated in the above paragraph with reference to mediation fee. The Court shall retain jurisdiction to enforce the terms of this Settlement Agreement.

3. <u>No Admission of Liability</u>.

Nothing contained in this Settlement Agreement is to be construed as an admission of liability by any Party hereto. Any such liability is expressly denied. Nothing contained in this Settlement Agreement, nor anything said or communicated in the course of negotiating this Settlement Agreement, may be offered in any proceeding as evidence of any liability or wrongdoing by any Party, provided, however, that this Settlement Agreement and all communications and statements made in connection herewith may be introduced in legal proceedings to enforce any of the terms of this Settlement Agreement.



EXHIBIT A

4. <u>Release</u>.

In consideration of the payment set forth in Paragraph 1 and the other promises and covenants set forth herein, the Plaintiff, on his own behalf and on behalf of their respective heirs, assigns and/or agents, generally release, satisfy and forever discharge the Defendants, including their principals, affiliates, officers, employees, agents and attorneys of and from all actions, claims, and demands, including but not limited to actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et. seq., as amended, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621 et. seq. (the "ADEA"), the Federal Americans with Disabilities Act, the Florida Human Rights Act of 1977 and Florida Civil Rights Act of 1992, as amended, the Equal Pay Act of 1963, FLSA, Chapter 448 of the Florida Statutes, and any other federal, state or local statute, or ordinance relating to or dealing with employment and/or employment discrimination, and any claim for breach of an employment contract or tort damages and/or personal injury as a result of employment or any other relationship with ISIDORO ZARCO, M.D., P.A. or Isidoro Zarco, individually, which the Plaintiff ever had, may have had, or has against the Defendants.

5. <u>Miscellaneous</u>.

   a) *Successors and Assigns.* This Agreement shall extend to, inure to the benefit of, and be binding upon the parties hereto and their respective managers, members, directors, officers, shareholders, partners, proprietors, agents, servants, employees, representatives, affiliates, parents, subsidiaries, predecessors, and permitted successors and assigns.

   b) *Entire Agreement.* This Agreement constitutes the entire agreement among the parties and supersedes all prior negotiations and agreements, whether written or oral. This Agreement may not be altered, amended, modified, or otherwise changed in any respect except by an instrument in writing duly executed by authorized representatives of each of the parties hereto.

   c) *Severability.* If any provision of this Agreement is judicially determined to be invalid, illegal or unenforceable, such determination shall not affect the validity of the remaining provisions.

   d) *Headings.* The paragraph headings contained in this Agreement are provided for convenience only and shall not be considered in the interpretation and construction of this Agreement.

   e) *Execution of Other Documents.* The parties agree to cooperate to affect the intent and terms of this Agreement and agree to execute such any and other papers or documents required or necessary to effect the terms and obligations contained in this Agreement.

   f) *Voluntary Agreement.* The parties understand and expressly agree that this Agreement has been freely and voluntarily entered into and that no oral or written representations or promises of any kind, unless specifically contained in this Agreement have been made or relied upon by either party.

2

g) *Waiver.* The failure of either party at any time or times to demand strict performance by the other party of any of the terms or conditions of this Agreement shall not be construed as a permanent or continuing waiver or relinquishment thereof and each may at any time demand strict and complete performance by the other of said terms and conditions.

h) *Execution.* This Agreement may be executed in duplicate and may be made in counterparts delivered by e-mail with originals to follow via U.S. Mail.

i) *Governing Law/Venue.* This Agreement shall be construed in accordance with Florida law. Miami-Dade County, Florida and no other venue, shall be the exclusive jurisdiction and venue within which to commence any action to enforce the terms of this Agreement.

j) *Remedies.* In the event of any dispute, controversy or claim arising out of or relating to this Settlement Agreement, or the breach, termination or challenge to the validity thereof, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs.

**IN WITNESS WHEREOF AND INTENDING TO BE BOUND**, the parties hereby execute this Agreement through their duly authorized representatives.

Plaintiff:

_____
Orestes Fernandez


Defendants:

_____
Isidoro Zarco, on behalf of Isidoro
Zarco, M.D., P.A.

Its: ____President____

_____
Isidoro Zarco